UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYLEY MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 15-cv-05779-RS<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff Hayley Moore contends she was a victim of sexual assault while a student at the University of California, Santa Barbara ("UCSB"). She claims that the University of California ("university") responded with deliberate indifference when she reported her assault to school officials. The order dismissing Moore's second amended complaint ("SAC") explained that her allegations were insufficient to hold the university liable for gender discrimination in violation of 20 U.S.C. § 1681 *et seq.* ("Title IX") and granted limited leave to amend. Rather than supplement, clarify, or explain her prior allegations, Moore simply repeats verbatim the allegations of the SAC in her third amended complaint ("TAC"). There are no new allegations about the university's response to her reported assault. Instead, the TAC adds new individual defendants and a new claim against them under 42 U.S.C. § 1983, as well as a handful of quotes from the university policy on sexual harassment and sexual assault. The university moves to dismiss a third time, citing these scant amendments. For the reasons below (and those explained in detail in the prior orders), the university's motion to dismiss is granted without leave to amend. Moore's failure to add relevant allegations suggests further leave to amend would be futile. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the December 15,

2016, hearing will be vacated.

## II. FACTUAL BACKGROUND

The allegations of the earlier complaints are described in great detail in the prior orders and, to the extent they are repeated in the TAC, they are not repeated here. The September 15, 2016 order granting the university's motion to dismiss the SAC ("prior order" or "Order") granted only limited leave to amend. *See* Order at 12 ("To the extent Moore's claim is based on the school's pre-assault conduct, the motion to dismiss will be granted without leave to amend. To the extent Moore's claim is based on the school's post-assault conduct, she will be given one final opportunity to amend if she can do so in good faith, consistent with the principles set forth above.") In the TAC, Moore does not add a single new allegation related to the university's post-assault conduct. The section of the TAC entitled "Background Facts Relevant to Plaintiff" repeats verbatim the allegations of the SAC. In the TAC, Moore adds new individual defendants—various UCSB administrators and personnel—and a new cause of action against them for violation of equal protection under 42 U.S.C. § 1983. She also adds several long quotes from the university policy on sexual harassment and sexual violence. *See* TAC ¶¶ 37-51.[1]

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience

---

[1] The Regents request judicial notice of a university privacy policy. The request is denied as consideration of that material is not necessary for resolution of the pending motion.

1  and common sense." *Id.* at 679.

2  A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true). In dismissing a complaint, leave to amend must be granted unless it is clear that amendment cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV. DISCUSSION

### A. Title IX

The prior order explained in detail the "limited circumstances" under which a university can be liable for violating Title IX. Order at 6 (citing *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999)). It noted contradictions and ambiguities in Moore's SAC and concluded that, as pleaded, her allegations did not evince conduct plainly unreasonable in light of the known circumstances. Moore has not amended her pleadings to address those shortcomings, including—most problematically—the ambiguity surrounding her request for an investigation into her assault and the subsequent withdrawal of such request.[2] The only new

---

[2] Rather than amend her complaint to clarify or explain the contradictions between the SAC and the FAC, Moore repeats the SAC's allegations verbatim and then notes, in a footnote in her

allegations in the TAC relate to the university policy on sexual harassment and sexual assault. Moore alleges that UCSB—through its previously alleged conduct—violated several elements of that policy. TAC ¶¶ 106-107. While the TAC's allegations are more detailed, they are not new. Moore previously alleged the university violated its own policies. *See* SAC ¶¶ 35-36, 84. The new allegations do not alter the prior analysis.

As previously explained, a school's "failure to comply with [agency] regulations ... does not establish the requisite ... deliberate indifference." Order at 5 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291–92, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998)).[3] Likewise, a school's violation of its own policy does not alone establish deliberate indifference for purposes of Title IX. The Ninth Circuit has confirmed as much. *See Oden v. N. Marianas Coll.*, 440 F.3d 1085 (9th Cir. 2006) (college was not deliberately indifferent to alleged harassment, even though it failed to hold a hearing on student's complaint until the following school year, in violation of its own policy). Other circuits have reached the same conclusion. *See, e.g., Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 169 (5th Cir. 2011) ("just because [the administrator] allegedly failed to follow district policy does not mean that her actions were clearly unreasonable"); *Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist.*, 511 F.3d 1114 (10th Cir. 2008). Given that Moore alleges no new facts relating to her experience, she now asks the court to deny the university's motion based solely on the claim that UCSB allegedly violated university policy. The case law does not support her argument.[4]

---

opposition brief, that she disagrees with the prior order's characterization of the FAC's allegations as judicial admissions. As noted in the prior order, a statement in a complaint may serve as a judicial admission. Where, however, "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the court must accord the explanation 'due weight.'" Order at 7 (citing *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995)). The prior order provided Moore with leave to amend so she could explain the error "in a subsequent pleading," and she failed to do so.

[3] Moore challenges this ruling by improperly using her opposition brief as a motion for reconsideration, repeating verbatim entire pages of briefing from her opposition to the university's motion to dismiss the SAC. *Compare* Dkt. No. 42 at 6-10, *with* Dkt. No. 65 at 12-14.

[4] Moore relies on *Takla v. Regents of the Univ. of Cal.*, 2015 WL 6755190 (C.D. Cal. Nov. 2, 2015), but that decision recognized that "violations of the school's own rules for investigating

Moreover, Moore's factual allegations do not establish that UCSB wholly failed to adhere to university policy. For example, Moore concludes that UCSB violated the policy by "failing to inform [her] about her options for resolving the potential violation," TAC ¶ 107, but simultaneously describes multiple conversations with different school officials regarding those options. *Id.* ¶¶ 63-92. Likewise, she claims that UCSB violated the policy by "failing to provide a prompt and effective response to [her] report," TAC ¶ 107, but describes meetings with counselors, law enforcement, administrators, and staff, in the days and weeks following her report. *Id.* ¶¶ 63-92. Moore avers another violation due to UCSB's "fail[ure] to disseminate the policy widely through publications, websites . . . and other appropriate channels of communication," but acknowledges the policy was "posted on UCSB's website at the time of the facts alleged herein." *Id.* ¶¶ 38, 107. At bottom, her conclusory averments say nothing new about the deliberate indifference Moore alleges she experienced. Therefore, her amendments fail to state a claim under Title IX.

**B. Section 1983**

In the TAC, Moore adds a new claim under 42 U.S.C. § 1983 based on the same underlying facts alleged in the SAC. She brings the claim against the newly added individual defendants, who are university administrators and employees. Moore alleges that the individual defendants violated her Fourteenth Amendment right to equal protection on the basis of her gender. As an initial matter, this new claim exceeds the scope of the leave to amend the prior order granted. The prior order allowed Moore a <u>fourth</u> opportunity to amend her "claim . . . [t]o the extent [it is] based on the school's post-assault conduct." Order at 12. Instead of properly amending the claim she had leave to amend, Moore advances a new claim entirely. The new claim could be dismissed on this ground alone.

Moreover, Moore's allegations are insufficient to support the new claim. Government officials who perform discretionary functions are generally immune to liability for civil damages

---

sexual harassment [do not] necessarily amount to deliberate indifference." *Id*. at *6.

"insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding whether to grant qualified immunity, a court must determine (a) whether the alleged facts make out a constitutional violation, and (b) whether the constitutional right at issue was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

To establish a violation of the equal protection clause, Moore must show that the individual defendants, acting under color of state law, discriminated against her as a member of an identifiable class and intended such discrimination. *See Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). She must show that each defendant "caused the deprivation of a federal right," *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and the "inquiry into causation must be individualized to focus on the duties and responsibilities of each defendant whose acts are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Moore alleges conclusorily that: (i) Defendants discriminated against her "by engaging in a widespread practice [] of failing to respond appropriately to reports of sexual misconduct"; (ii) the "policy was intentional"; and (iii) had a discriminatory impact on women because "ninety-one percent of reported victims of sexual assault on college campuses are women." TAC ¶¶ 120-122. These allegations say nothing about the conduct of the individual defendants and therefore fail to establish individual liability.

To the extent Moore relies on the TAC's other allegations to establish individual liability, those allegations are also insufficient. Moore must show that the individual defendants intentionally discriminated or acted with deliberate indifference. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135 (9th Cir. 2003). The "deliberate indifference" showing is the same that Title IX requires. *See id.* at 1135 ("deliberate indifference" is found if the school administrator "respond[s] to known peer harassment in a manner that is ... clearly unreasonable") (quoting *Davis*, 526 U.S. at 649). For the reasons discussed above and in prior orders, Moore's allegations, in aggregate, do not establish the university's deliberate indifference. Consequently,

no single allegation about an individual defendant's conduct establishes individual liability either.[5]

Moore's allegations similarly fail to establish intentional discrimination. To plead intentional discrimination, she must allege facts that demonstrate her protected status motivated a defendant's actions, at least in part. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). The only direct evidence of discriminatory intent to which Moore points are comments allegedly made by Kirsten Olson, the Assistant Clinical Director and Crisis and Administrative Services Coordinator at UCSB, and Mitch Molitor, a law enforcement officer employed by the university police department. After Moore told Molitor she was upset because prior to the rape she was a virgin, Molitor responded that he did not believe she was raped because, if she was a virgin, she would be in much more pain. TAC ¶ 68. Olson told her: "Girls come in here with bruises and bloody faces and even their cases don't get prosecuted." TAC ¶ 86. While these allegations, taken as true, surely demonstrate a lack of sensitivity, compassion, prudence, and professionalism, they are insufficient to constitute direct evidence of animus against women, especially since Olson met with Moore on multiple occasions in the days and weeks after her assault to discuss mental health care, accommodations, and scheduling, and Molitor came to her dorm room shortly after the report and took her back to the police station where he took her statement. *See Merrick v. Farmers Ins. Gr.*, 892 F.2d 1434, 1438 (9th Cir.1990) ("'[S]tray' remarks are insufficient to establish discrimination.").[6] Construing the facts in the light most favorable to Moore, her allegations still fail to establish that Molitor or Olson, or any individual defendant, acted with an intent to discriminate against women.

---

[5] Moore's claim against Chancellor Yang based on a theory of supervisor liability fails for the same reasons. *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (no supervisor liability if no underlying constitutional violation).

[6] Moore relies on *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 698 (9th Cir. 1990), where the Ninth Circuit found a district court abused its discretion in dismissing plaintiff's equal protection claim without leave to amend. There, unlike here, the plaintiff endured repeated and severe attacks from her husband over a three-year period, and the police consistently refused to arrest him or investigate his attacks. Moreover, *Twombly* overruled *Balistreri* to the extent that it followed the notice pleading standard set out in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

# V. CONCLUSION

The university's motion to dismiss is granted without leave to amend.

**IT IS SO ORDERED**.

Dated:  December 5, 2016

_____
RICHARD SEEBORG
United States District Judge